UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JUDSON BROWN,<br>Petitioner, | : | CASE NO. 3:18-cv-1125 (MPS) |
| v. | : | |
| COMMISSIONER OF CORRECTION,<br>Respondent. | : | AUGUST 3, 2018 |

# ORDER

Petitioner Judson Brown challenges his 1999 state conviction for arson and conspiracy to commit arson in this habeas corpus action filed pursuant to 28 U.S.C. § 2254. He asserts three claims, ineffective assistance of court-appointed counsel, the lack of counsel's file at the start of trial, and failure to canvass the petitioner before permitting him to waive a challenge to the public defender's withdrawal of representation. For the reasons that follow, this case is transferred to the United States Court of Appeals for the Second Circuit.

I. Background

The petitioner was charged with arson and conspiracy to commit arson. Initially, he was represented by the Office of the Public Defender. In November 1998, the public defender determined that the petitioner did not meet the indigency requirement to qualify for services. The court granted the public defender's motion to withdraw. The petitioner waived his right to appeal the order and requested time to retain counsel. The petitioner did not retain counsel and represented himself at trial. He was convicted on all counts and sentenced to a term of

imprisonment of twenty-five years. Pet. at 69; *see also State v. Brown*, 256 Conn. 291, 297 & n.6, 772 A.2d 1107, 1113 & n.6 (2001). The petitioner challenged his conviction on direct appeal on only one ground, prosecutorial misconduct. The judgment was affirmed. *Brown*, 256 Conn. at 293-94, 772 A.2d at 1111.

In September 1999, the petitioner filed an application for sentence review. On December 18, 2002, the Sentence Review Division affirmed the petitioner's sentence. *State v. Brown*, No. CR96438991, 2002 WL 31995388 (Conn. Super. Ct. Dec. 18, 2002).

While the application for sentence review was pending, the petitioner filed his first state habeas action. On appeal of the denial of the petition, the petitioner asserted one ground, that the Office of the Public Defender afforded him ineffective assistance because he did not receive his trial file in a timely manner. The Connecticut Appellate Court affirmed the denial and the Connecticut Supreme Court denied certification. *Brown v. Commissioner of Corr.*, 92 Conn. App. 382, 383, 885 A.2d 761 (2005), *cert. denied*, 277 Conn. 908, 894 A.2d 989 (2006). Upon reconsideration, however, the Connecticut Supreme Court granted certification limited to the following issue: "Under the circumstances of this case, did the Appellate Court properly determine that the petitioner was not deprived of the effective assistance of counsel?" *Brown v. Commissioner of Corr.*, 277 Conn. 922, 895 A.2d 795 (2006). Subsequently, the Connecticut Supreme Court determined that certification had been improvidently granted and dismissed the appeal. *Brown v. Commissioner of Corr.*, 281 Conn. 466, 915 A.2d 870 (2007).

A few days after the dismissal, the petitioner filed a second state habeas action on the ground that prior habeas counsel was ineffective. The state court denied the petition. *Brown v. Commissioner of Corr.*, No. CV074001599S, 2011 WL 4031135 (Conn. Super. Ct. Aug. 2,

2011). The denial was affirmed on appeal. *Brown v. Commissioner of Corr.*, 141 Conn. App. 251, 253, 61 A.3d 554, 556, *cert. denied*, 308 Conn. 941, 66 A.3d 883 (2013).

On August 5, 2013, the petitioner filed a petition for writ of habeas corpus in this court challenging his conviction on the ground that he should have been afforded representation by a public defender. *Brown v. Commissioner of Corr.*, No. 3:13-cv-1133(JCH). On June 23, 2014, the court denied the petition and determined that any appeal would not be taken in good faith. *Id.* (ECF. NO. 29, Ruling re: Petition for Writ of Habeas Corpus). The petitioner filed a motion for articulation in which he attempted to assert a new claim, that the failure of the state court to canvass him rendered his self-representation not willing or knowing. The court denied the motion on the ground that the issue was not properly before the court because Brown was raising this issue for the first time in his post-judgment motion. The court also noted that all claims must first be raised before the state courts. *Id.* (ECF No. 33).

The petitioner then returned to state court and filed a third habeas corpus action. He argued that he never knowingly and intelligently waived his right to trial counsel, and appellate counsel and various habeas counsel were ineffective for failing to raise on appeal the failure to conduct a canvass. Pet. at 71-72, 92-103. The state court denied the petition. Pet. at 122-31. The appeal of the denial of his petition was dismissed. *Brown v. Commissioner of Corr.*, 181 Conn. App. 901, 182 A.3d 112, *cert. denied*, 329 Conn. 901, 2018 WL 2986193 (May 30, 2018).

On July 6, 2018, the petitioner commenced this action challenging his conviction on three grounds: (1) all appointed counsel were ineffective for not challenging the arrest warrant as defective, not seeking a Franks hearing, and not raising the issue of improper canvass; (2) the petitioner did not have the public defender's file before the commencement of trial; and (3) the

3

petitioner was not canvassed before he waived his rights to contest the withdrawal of the public defender.

II.     Discussion

Title 28, section 2244 provides, in relevant part, that a petitioner must seek permission from the Court of Appeals before filing a second or successive habeas petition in district court. 28 U.S.C. § 2244(b)(3)(A). Section 2244 also provides that a claim presented in a second or successive petition that was not included in a prior petition must be dismissed unless certain conditions are met. 28 U.S.C. § 2244(b)(2). The amendments to section 2244 have transferred to the courts of appeal the screening function formerly performed by the district courts. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). The authorization requirement in section 2244 is jurisdictional. *Torres v. Senkowski*, 316 F.3d 147, 149, 150 (2d Cir. 2009).

The petitioner already has had a federal habeas petition decided on the merits, making this petition second or successive. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007) (noting that petition is second or successive because it challenges "the same custody imposed by the same judgment of a state court" as the first petition). Thus, this second federal petition cannot be filed unless the petitioner obtains permission from the Second Circuit. He does not provide any evidence that he filed a motion with the Second Circuit to obtain authorization for this Court to consider this petition.

The petitioner includes in his petition a letter to the Honorable Janet C. Hall, the judge assigned to his first federal habeas action. Pet. at 23. The petitioner states that he is complying with the court's recommendation that he return to this court after exhausting his state court remedies with regard to several issues. The Court has reviewed the rulings filed in the

4

petitioner's first federal habeas action. Although the court explained that it could not consider issues that were raised for the first time in a post-judgment motion and had not been raised before the state courts, the court did not instruct the petitioner to exhaust his state court remedies and return directly to this court. In this circumstance, the Second Circuit requires the district court to "transfer the petition … to this Court in the interest of justice pursuant to [28 U.S.C.] § 1631." *Liriano v. United States*, 95 F.3d 119, 122 (2d Cir. 1996) (setting forth procedures to be followed when the district court receives a second or successive petition).

III. Conclusion

In accordance with the requirements of 28 U.S.C. § 2244(b)(3)(A) and in the interest of justice pursuant to 28 U.S.C. § 1631, the Clerk is directed to transfer this case to the United States Court of Appeals for the Second Circuit to enable that court to determine whether the claims raised in this petition should be considered by the district court.

**SO ORDERED** this 3rd day of August 2018, at Hartford, Connecticut.

/s/
Michael P. Shea
United States District Judge